UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FACTORY GIRL, L.L.C** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2159** |
| **HOLLY WIERSMA AND**<br>**HOLLY WIERSMA PRODUCTIONS, INC.** | **SECTION C** |

## ORDER AND REASONS

Before this Court is the Defendants' Motion to Dismiss for Improper Venue; Alternatively, Motion to Transfer, filed by Holly Wiersma ("Ms. Wiersma") and Holly Wiersma Productions, Inc. ("HWP"), collectively known as the "Defendants." Plaintiff, Factory Girl, L.L.C. ("Factory Girl"), opposes this motion. The motion is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Motion to Dismiss, Alternatively, Motion to Transfer is DENIED.

**I. Background**

The action arises out of the production of a film scheduled for release in 2006. According to the Plaintiff's complaint,[1] Factory Girl, and its members,[2] are the owners of the movie entitled

---

[1] Defendants removed Plaintiff's complaint, originally filed in state court, to this court. (Rec. Doc. 1.)

[2] Factory Girl's Members are the Louisiana Institute of Film Technology, L.L.C. ("LIFT"), Bart Productions, L.L.C. ("Bart").

"Factory Girl" (the "Picture"). (Rec. Doc. 1, Ex 2 at ¶ 3.) Factory Girl hired Ms. Wiersma and her production company, HWP, to produce the Picture, including management of filming, budget, and cast. *Id*. The Plaintiff alleges that the Defendants made numerous misrepresentation about a variety of issues, including the budget, funding, their qualifications, and the rights the Defendants would obtain by releasing the Picture. (Rec. Doc. 1, Ex 2 at ¶ 4.) Because of these misrepresentations, Factory Girl was engaged in litigation with Sony Pictures Home Entertainment, Inc. ("SPHE"), regarding distribution rights allegedly conveyed by the Defendants to SPHE. (Rec. Doc. 1, Ex 2 at ¶ 5.) Factory Girl also represents that it has been left with a Picture lacking necessary funding, which has caused it to invest additional funds beyond those originally contemplated. (Rec. Doc. 1, Ex 2 at ¶¶ 5-6.) The Defendants' conduct, according to the Plaintiff, has negatively impacted the potential profitability of the Picture and may delay the release of the Picture. (Rec. Doc. 1, Ex. 2 at ¶ 6.)

## II. Law and Analysis

The Defendants filed a Motion to Dismiss for Improper Venue; Alternatively, Motion to Transfer, arguing that the complaint should be dismissed for improper venue pursuant to FED. R. CIV. P. 12(b)(3), or, alternatively, transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

### Improper Venue

Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." In any given matter, there may be several districts in which venue is proper. The fact that substantial activities took place in one district

does not mean that venue is improper in a second district in which substantial activities took place. *Sun Drilling Products Corp. v. Texas Mexican Ry. Co.*, 2004 WL 2256070, *6 n8 (E.D. La. 2004). A district is not rendered an improper venue even if the activities that took place in another district were more significant. *Id*.

In determining whether venue in a given district is proper, a court must evaluate whether the events that occurred in the venue gave rise to the litigation. In matters involving contracts, the place of the performance of the contract can establish proper venue. *Estate of Monroe v. Bottle Rock Power Corp.*, 2005 WL 119883, *8 (E.D. La. 2005). The place in which the contract was formed may also establish proper venue.

The Defendants argue that the Eastern District of Louisiana is an improper venue because (1) the negotiation of the proposed contract between the parties took place in California; and (2) several issues discussed in the Plaintiff's complaint, including the guaranty of a loan, and clearance and music rights, involve California parties.[3] However, the Defendants have supplied no evidence in support of their arguments.

Factory Girl argues that venue is proper in the Eastern District of Louisiana because a substantial portion of the events giving rise to the litigation, including performance of the contract, occurred here. (Rec. Doc. 13, Mem. in Supp. at 4.) Factory Girl has supplied various exhibits, including the affidavits of Malcolm Patel, the principal of the Louisiana Institute of Film Technology, and Morris Bart, the principal of Bart Productions, in support of its opposition.

---

[3] In their Motion, the Defendants also point to litigation which they argue is pending in a California state court concerning the rights of various parties in the Picture. It appears as though this litigation has since been dismissed. (Rec. Doc. 13, Ex. C.) Therefore, it is irrelevant to this Court's consideration of the issues.

According to the affidavits submitted by the Plaintiff, many meetings concerning the Picture and the defendants' role in the Picture were conducted in Louisiana. (Rec. Doc. 13, Exs. A-B.) Furthermore, the production and filming of the Picture, and the alleged breaches of the oral agreement between the parties, occurred in Louisiana. (Rec. Doc. 13, Exs. A-B.) Therefore, the events and omissions giving rise to the Plaintiff's claim against the Defendants occurred in Louisiana and venue in the Eastern District of Louisiana is proper.

## Convenient Forum

The Defendants request, in the alternative, that this Court transfer the matter to the Southern District of California because it is a more convenient forum. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts are given broad discretion in deciding whether to transfer a case for the convenience of the parties. However, the defendant must still make a "convincing showing of the right to have the case transferred since § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212, 218 (D.C. La. 1981) (internal citations omitted).

To determine whether a case should be transferred, a court should consider the (1) convenience of the witnesses; (2) comparative ease of access to sources of evidence; (3) "availability of the compulsory process for attendance of unwilling witnesses;" and (4) "all other practical considerations that make the trial of the case easier, expeditious and inexpensive." *Southern Investors II*, 520 F.Supp. at 219. The most important factor a court should consider is the convenience of the witnesses, and the Defendants must make "a specific showing of the

necessary witnesses and what their testimony will be to warrant a transfer of venue." *Southern Investors II*, 520 F.Supp. at 218. Not only have the Defendants have failed to make this showing, but the Plaintiff has supplied affidavits indicating that many witnesses are located in Louisiana. (Rec. Doc. 13, Mem. in Supp. at 6, Exs. A-B.) Therefore, this Court finds that Ms. Wiersma and HWP have not clearly and convincingly shown that another venue would be more convenient than the Eastern District of Louisiana.

### III. Conclusion

For the reasons set forth above,

IT IS ORDERED that the Defendants' Motion to Dismiss for Improper Venue; Alternatively, Motion to Transfer, filed by Holly Wiersma and Holly Wiersma Productions, Inc., is DENIED.

New Orleans, Louisiana, this 12th day of July, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE